1

2

3

4

5

6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9

| | |
|---|---|
| JOSEPH KENNEDY; | 1:12-cv-1458 AMI MJS |
| **Plaintiff,** | |
| **vs.** | **MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| KINGS MOSQUITO ABATEMENT DISTRICT, MICHAEL CAVANAGH, an individual; STEVE GILLES, an individual; DAVID HICKEY, and individual; and DOES 1 through 25, | |
| **Defendants.** | **Doc. # 23** |

10

11

12

13

14

15

16

17

18          This is an action for damages and injunctive relief by plaintiff Joseph Kennedy

19   ("Plaintiff") against defendant Kings Mosquito Abatement District, a governmental entity,

20   ("District") and individuals Michael Cavanagh, Steve Gilles and David Hickey (the "individual

21   Defendants") (collectively, "Defendants").  Plaintiff's is a 44 year-old African American male

22   who suffers from stress-related and mobility-limiting medical conditions.  Plaintiff's First

23   Amended Complaint ("FAC") alleges Plaintiff was terminated from employment by District in

24   violation of a number of statutes including Title VII of the Civil Rights Act of  1964, the

25   Americans With Disabilities Act and the Age Discrimination in Employment Act.  In the instant

26   motion to dismiss, Defendants seek to dismiss claims against the individual Defendants and to

27   dismiss claims against District other than claims for racial discrimination.  Federal subject matter

28   jurisdiction exists pursuant to 28 U.S.C. § 1331.  Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The original complaint in this action was filed in Kings County Superior Court on July 31, 2012 and was removed to this court on July 31, 2012.  The original complaint was dismissed by order of the court on March 18, 2013, and the currently-operative FAC was filed on April 16, 2013.  Plaintiff's FAC alleges a total of ten claims for relief.  Plaintiff's first three claims for relief allege retaliation, discrimination and harassment, respectively, by all Defendants in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq.  Plaintiff's fourth claim for relief alleges discrimination, retaliation and harassment in violation of Title VII against all Defendants; Plaintiff's fifth and sixth claims allege the same violations by the same Defendants in violation of the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"), respectively.  Plaintiff's seventh and eighth claims for relief allege failure to accommodate under FEHA and ADA, respectively against all Defendants.  Plaintiff's ninth claim for relief alleges intentional infliction of emotional distress under California common law and the tenth claim for relief alleges violation of the Equal Protection Clause of the California Constitution; both claims are alleged against all Defendants.

Of some significance to Defendants' motion to dismiss and Plaintiff's opposition thereto, the individual Defendants, Cavanagh, Gilles, and Hickey, are each supervisory or management level employees of District and are sued as individuals "acting in the course of their employment" whose "conduct was ratified by Defendant District."  Doc. # 26 at 5:9-10.  The court presumes that, although the caption to the complaint suggests the individual defendants are being sued in their individual capacities, they are actually being sued in their official capacities.

The background facts alleged in the FAC are little changed from those alleged in the original complaint and will not be repeated at length here.  Basically Plaintiff was, at the time of the events giving rise to this action, a forty-four year-old African American male who was employed by Defendant District from 1993 until his termination on July 12, 2011.  Plaintiff alleges he suffered a series of work-related injuries beginning in 2008 and in 2009.  Plaintiff alleges he suffers stress-related symptoms and mobility impairment as a result of the injuries,

that he requested accommodation, and that accommodation was unreasonably refused by Defendants.  Plaintiff alleges he suffered emotional and stress-related problems resulting from increasingly hostile relations with Defendants.  Plaintiff alleges that he filed an internal complaint for racial discrimination with regard to compensation and promotion in 2008, and he filed a DFEH claim in 2009 alleging discrimination, retaliation and harassment against Defendant District and the individual Defendants.  The factual background alleged in Plaintiff's FAC differs from the allegations set forth in the original complaint only in that some additional specific conduct by individual Defendants has been alleged.  Such additional allegations will be discussed in the discussion that follows where relevant.

The currently operative FAC was filed on April 16, 2013.  Defendants' motion to dismiss the FAC was filed on May 3, 2013.  Plaintiff's opposition was filed on May 16, 2013, and Defendants' reply was filed on May 24, 2013.  The matter was taken under submission as of June 3, 2013.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

### I.  Individual Defendant Liability

Defendants seek to dismiss the individual Defendants from Plaintiff's retaliation and discrimination under FEHA (claims first and second claims); from discrimination, retaliation and harassment claims under Title VII and under the ADEA (claims four and five); and from Plaintiff's claims for failure to accommodate under FEHA and ADA (claims seven and eight). In each case, Defendants' contention is that the statute under which the claim against the individual Defendant is brought does not support liability of an individual defendant.

### A.  *FEHA Claims for Discrimination and Retaliation against Individual Defendants*

California Government Code, section 12940 lists unlawful employment practices.  The California Supreme Court has substantially narrowed the classes of potential defendants that may be liable depending on the unlawful employment practice in question.  In Reno v. Baird, 42 Cal.4th 640, 643 (1998), the Supreme Court held that employers may be sued under FEHA for employment discrimination – defined as the imposition of adverse employment conditions on the basis of prohibited classifications – but individuals, whether supervisors or otherwise, may not be held liable.  The Supreme Court's decision in Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1158, 1160 (2008), extends the same restriction on potential defendants to claims for

retaliation under FEHA.  The policy consideration driving the narrowing of potential defendants in prohibited employment practices under FEHA is concern over creating a conflict between the needs of employers to manage their workers and the willingness of the individual managers and supervisors to carry out the actions necessary to management.  See Janken v GM Hughes Electronics, 46 Cal.App.4th 55, 64-65 (1996) (listing managerial functions that cannot be the basis of individual liability against managers).

Plaintiff's response to Defendants' motion to dismiss the individual defendants from the discrimination and retaliation claims does not appear to directly oppose the dismissal nor does the response address the holdings in Reno or Janken.  To the extent Plaintiff's response is intended to convey the proposition that FEHA will support discrimination and/or retaliation claims against an individual if the individual is functioning in his or her official capacity, the court finds the above-cited authority does not support that proposition.

Plaintiff's claims against the individual Defendants for discrimination and retaliation in violation of FEHA will be dismissed with prejudice.

**B. Individual Defendant liabilities under Title VII and ADEA**

While the issue of individual liability under Title VII and/or ADEA is not without disagreement, it appears settled that in the Ninth Circuit neither Title VII nor ADEA will support individual liability for claims of discrimination or retaliation.  Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587-588 (9th Cir. 1993); see also Reno,18 Cal.4th at 648-649 (collecting federal cases showing similarities between individual liability under Title VII/ADEA and FEHA).  As noted above, Plaintiff does not appear to dispute the limitations against individual liability imposed by Miller in the context of Title VII and ADEA claims, nor does Plaintiff's disclaimer of intent to sue the individual Defendants in their individual capacities address the limitations noted.  The court finds that Plaintiff's claims against the individual Defendants for discrimination or retaliation under Title VII or ADEA are without merit and therefore subject to dismissal with prejudice.

### C.  Individual Liability under ADA/FEHA for Failure to Accommodate

Plaintiff's seventh and eighth claims for relief allege liability for failure to accommodate disabilities against the individual employees in violation of FEHA and the ADA, respectively. Because the decision to offer accommodation or not is a decision that lies well within the sphere of business management, the public policy considerations that restrict liability for conduct that is necessary to management of a business to the entity itself applies with equal force to liability for failure to accommodate under FEHA and the ADA.  As previously noted, Plaintiff does not offer any real opposition to Defendants motion to dismiss the individuals from Plaintiff's claims for failure to accommodate under FEHA and ADA.  Defendants' motion to dismiss these claims will therefore be dismissed as to the individual Defendants.

## II.   Motion to Dismiss Harassment Claims in Categories Other than Race

The court, in its order dismissing the Plaintiff's original complaint, noted that "'Unlike discrimination claims, harassment consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.'"  Doc. # 19 at 16:12-13 (quoting Aguilar v. Avis Rent A Car Sys., Inc., 21 Cal.4th 121 (1999)).  At paragraph 15 of his FAC, Plaintiff alleges all the complained-of conduct that could fairly be categorized as not necessary to business or personnel management.  The court has examined the alleged acts set forth in paragraph 15 of the FAC and finds that any of the alleged acts that would qualify as harassing are overtly racial in nature.  These alleged acts include racially disparaging remarks, cartoons and the reference to Plaintiff as a "militant black man" by Defendant Hickey.  The court has examined the entirety of Plaintiff's FAC and can find no allegation of acts that could be construed as harassing that are based on any category of conduct other than racial bias.

Plaintiff's opposition to Defendant's motion to dismiss cites Janken v. GM Hughes Electronics, 46 Cal.App.4th 55, 63 (2nd Dist. 1996) where the California appellate court observed, "harassment consists of a type of conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives."  Based on this quote, Plaintiff appears to argue that

claims for harassment on the basis of categories other than race should not be dismiss because the harassment, although admittedly racial in nature, was motivated by meanness and bigotry. Plaintiff's argument fails because it attempts to conflate the nature of the defendants' actions, which are actionable, with the motivations for the actions, which are not actionable. The comment in <u>Jenkens</u> is merely explanatory of the nature of the *actions* that commonly constitute harassment; it is not a means of making acts that would normally be considered retaliatory or discriminatory actionable under a theory of harassment simply because the actor is mean or bigoted. Because Plaintiff has failed to allege any acts by Defendants that demonstrate harassment based on age or physical or mental disabilities, the court will not address Defendants' contention that Plaintiff also failed to exhaust administrative remedies with regard to his harassment claims.

Plaintiff's claims for harassment under categories of age or physical or mental impairment will be dismissed with prejudice.

### III.   Defendants' Motion to Dismiss Harassment Claim as to Individual Defendant Gilles

Plaintiff's FAC alleges that Defendant Hickey was a "District Superintendent, a supervisory position;" that Defendant Cavanagh was a "District Manager," and that Defendant Gilles was an "Assistant District Manager." In the paragraphs of the FAC that allege harassing conduct, Defendants Cavanagh and Hickey are mentioned by name and specific acts that are alleged to be of a racially harassing nature are attributed to both. Defendant Gilles is not mentioned in regard to any harassing conduct and, so far as the court can determine he is not mentioned by name anywhere in the FAC except that his name is mentioned as one of the defendants in complaints that were submitted to the California Department of Fair Employment and Housing ("DFEH"). It is not clear from the FAC where Gilles is/was situated in the hierarchy of personnel with respect to the other two individual Defendants, but the title "Assistant District Manager" suggests that Giles was subordinate to Defendant Cavanagh at least.

In his opposition to Defendants' motion to dismiss harassment claims as to Gilles, Plaintiff references a number of paragraphs in the FAC in which he contends allegations

regarding Gilles' participation in the harassment are set forth.  Having examined the referenced paragraphs, the court finds there are no references that allege any misconduct by Gilles.  In general, the referenced paragraphs allege the failure of "Defendants" or "District" to take action to address the allegedly on-going harassment.  Thus, to the extent anything can be understood to have been alleged as to Gilles, the allegation or allegations can only be understood to refer to Gilles as a representative or agent of Defendant District.

There are two obvious problems with Plaintiff's claims for harassment against Gilles.  The first is that the acts alleged against Gilles lie within the function of management and supervision of personnel.  The policy principles discussed in Reno that shield individuals from liability for carrying out functions necessary for the conduct of business or supervision of personnel under Title VII or FEHA apply with equal force here, where Gilles is accused of not carrying out the administrative function of personnel discipline to address the unlawful behavior of subordinate personnel.  The second problem is that at there is no indication that Gilles could be held liable for failure to address the harassment even if he were not immune under Reno because there is no indication that the other two Defendants -- who are accused of harassing behavior -- were subordinate to Gilles or that Gilles was in any way responsible for their actions.

The court finds Plaintiff has failed to state a claim for harassment against individual Defendant Gilles.  Such claims will therefore be dismissed with prejudice.

**IV.   Plaintiff's Claims for Discrimination, Retaliation and Harassment Under ADEA**

Plaintiff's fifth claim for relief alleges discrimination, retaliation and harassment on the basis of age in violation of the ADEA.  The entirety of the FAC makes only two allegations that are specific to Plaintiff's age-related claims under the ADEA – that he was forty-four years of age at the time he was discharged from District and that he was replaced by a younger employee who age is not specified but who Plaintiff alleges was younger than 40 years old.  The parties agree that to establish a claim for violation of the ADEA, a plaintiff must allege facts to show that: (1) the plaintiff was at least forty years old; (2) he was performing his job satisfactorily; (3) he was discharged, and; (4) he was "either replaced by a *substantially* younger employee with equal or inferior qualifications or discharged under *circumstances giving rise to an inference of*

1   *age discrimination.*" <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 142 (2000);

2   <u>Sheppard v. David Evans & Assoc.</u>, 694 F.3d 1045, 1049-50 (9th Cir. 2012) (italics added).

3   Plaintiff's claim for age discrimination fails because there is no allegation that the replacement

4   was *substantially* younger than Plaintiff and because there is absolutely nothing about the facts

5   of this case that give the slightest hint that Plaintiff was discharged because of his age.  To

6   successfully raise an inference of age-based discrimination, a plaintiff must show that the

7   employee who replaced him was *substantially* younger, not simply less than 40 years of age.

8   <u>Maxfield v. Sinclair, Int'l</u>, 766 F.2d 788, 793 (3d Cir. 1985).  Courts in this circuit have held that

9   a substantial age difference is in the vicinity of ten years or more.  <u>Diaz v. Eagle Products, Ltd.</u>,

10  521 F.3d 1201, 1209 (9th Cir. 2008).

11          The court finds that Plaintiff has failed to alleged facts sufficient to state a claim for age

12  discrimination.  Plaintiff's fifth claim for relief will therefore be dismissed.  Plaintiff has

13  requested leave to amend his fifth claim for relief in the event Defendants' motion to dismiss is

14  granted.  Although <u>Gross v. Financial Svcs., Inc.</u>, 577 U.S. 167 (2009), held that a plaintiff in an

15  age discrimination claim must show that age was the but-for cause of the adverse employment

16  action in order to prevail, <u>id</u>. at 176, district courts in this circuits have interpreted this holding to

17  permit a plaintiff to plead alternative theories for adverse employment action.  See <u>Diaz v. Eagle</u>

18  <u>Products Ltd.</u>, 521 F.3d 1201, 1209 (9th Cir. 2008).  Consequently, there is no legal impediment

19  to Plaintiff's ability to amend his claim for age-based discrimination.

20          The court will grant leave to amend Plaintiff's fifth claim for relief with one caveat.

21  Should Plaintiff wish to reassert claims for harassment and retaliation as he did in his fifth claim

22  for relief, those claims will be summarily dismissed unless Plaintiff pleads facts and law to show

23  that he is entitled for relief because he was harassed on account of his age or retaliated against

24  because he asserted a right granted under the ADEA.  Although Defendants have not addressed

25  the subject, Plaintiff will not be permitted to allege retaliation and harassment along with age

26  discrimination unless there is a factual and legal showing that the ADEA will support those

27  separate claims.

28

**V.    Claims for Failure to Accommodate in Violation of FEHA and ADA**

Plaintiff's seventh and eighth claims for relief allege failure of Defendant to engage in the interactive process in response to Plaintiff's requests to reasonably accommodate Plaintiff's mental and physical problems in violation of FEHA and ADA, respectively.  Defendants contend jurisdiction is lacking over Plaintiff's claims for failure to accommodate because Plaintiff failed to exhaust administrative remedies.  The requirement for exhaustion of remedies with respect to claims under FEHA and ADA was discussed at some length in the court's Memorandum Opinion and Order filed on March 18, 2013, Doc. # 19 (hereinafter the "March 18 Order").  As the March 18 Order discussed, federal claims under ADA and state claims under FEHA have the same exhaustion requirements, and an administrative claim filed in a FEHA case with DFEH fulfills the exhaustion requirements for both state and federal claims because of the "Worksharing Agreement between the state agency and the EEOC."  Stiefel v. Bechtel Corp. 624 F.3d 1240 (9th Cir. 2010).

The parties appear to agree as to the existence of an exhaustion requirement for both FEHA and ADA failure to accommodate claims.  The parties differ on the question of whether those claims were raised – and therefore administratively exhausted – among the claims submitted by Plaintiff to DFEH.  Copies of the claims submitted by Plaintiff to DFEH are provided at Attachment "A" to Plaintiff's FAC.  Each of the claims and each of the right-to-sue letters are identical except that the defendant's name is changed so than one right-to-sue letter was provided for each Defendant in this action.  See generally, Doc. # 21-1.  Each of the DFEH complaints is a fill-in-the-blanks type of form which has a section that lists each of the adverse employment action categories with an adjacent blank area where an "X" is placed to indicate that the type of adverse action is alleged to have occurred.  Each of Plaintiff's forms displays "X"-marks by the categories of "Termination," "Harassment," "Retaliation," and "Failure to Prevent Retaliation or Harassment."  The forms contain a category labeled "Denial of Accommodation," but that category is not marked with an "X" on any of the forms submitted by Plaintiff to DFEH.

As the court noted in its March 18 Order, "[t]he district court [has] subject matter jurisdiction over [a plaintiff's] allegations of discriminatory [conduct] if that claim fell within the

scope of an 'EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.' [Citation]" <u>EEOC v. Farmer Bros. Co.</u>, 276 F.3d 891, 899 (9th Cir. 1994) (italics in original, internal citation omitted).  The DFEH forms that Plaintiff filled out for each of the Defendants in this action had a space to indicate that Defendants denied Plaintiff reasonable accommodation and in each form there is no mark that refusal occurred.  The only inference that DFEH could draw is that Plaintiff did *not* suffer a denial of accommodation or that he did *not* seek accommodation.  As a consequence, there can be no reasonable expectation that the DFEH investigation of Plaintiff's would incorporate claims of failure to accommodate.  The court must conclude that where, as here, a plaintiff has an opportunity to indicate the specific nature of an adverse action by the employer and does not do so, there can be no reasonable expectation that the investigation of an agency – whether EEOC or DEFH – would encompass the conduct that was specifically alleged.

The court finds that Plaintiff has failed to adequately allege he exhausted administrative remedies with regard to claims of failure to accommodate or engage in the interactive process in violation of either FEHA or ADA.  The Seventh and Eighth claims for relief set forth in Plaintiff's FAC will therefore be dismissed.  In his opposition, Plaintiff appears to recognize that the claim of failure to accommodate was not exhausted, but he seeks to amend the claim to clarify that "the discrimination is in the form of Defendants [sic] retaliation against Plaintiff for requesting an accommodation."  Plaintiff opposition conflates the claims of retaliation, which has been exhausted and is adequately pled against District in Plaintiff's first and fifth claims for relief; and the claim of failure to accommodate or engage in the interactive process, which was affirmatively not exhausted and which cannot be cured by further amendment.  Plaintiff's seventh and eighth claims for relief will therefore be dismissed with prejudice.

**VI.   Claim for Intentional Infliction of Emotional Distress ("IIED")**

In its March 18 Order, the court dismissed Plaintiff's claim for intentional infliction of emotional distress.  The elements of a common-law claim for IIED, which were set forth in that Order, are not disputed by the parties and need not be repeated here.  The court's March 18 order dismissed Plaintiff's IIED claim because Plaintiff failed to allege conduct that was sufficiently

1    outrageous or indecent and because Plaintiff failed to allege a causal connection between the

2    conduct and specific symptoms of emotional distress.  Plaintiff's FAC, like the original

3    complaint, alleges two categories of conduct that Plaintiff contends constitute IIED.  The first is

4    "racial slurs and racial jokes," and the second consists of various adverse requirements or

5    restrictions or other adverse treatment by supervisorial personnel pertaining to Plaintiff's work

6    duties.  Unlike the original complaint, Plaintiff's FAC alleges specific conduct describing the

7    nature and content of the racial slurs and racial jokes.  The specific conduct comprising the racial

8    slurs and jokes is set forth principally at paragraph 15 of the FAC.   The description consists of

9    two parts; the first consists of repeated utterances of a non-Defendant co-worker to the effect of

10   "I bet you can't prove that! Prove what? Because you be a nigger and I'm not."  Plaintiff alleges

11   the saying eventually became shortened to "I bet you can't prove that."  Doc. # 21 at 5:18-23.

12   The second part consists of a single instance of Plaintiff being shown a cartoon by Defendants

13   Cavanagh and Hickey depicting a Black man being cooked in a pot.

14       The court's March 18 Order cited <u>Janken v. GM Hughes Electronics</u>, 46 Cal.App.4th 55,

15   80 (1996) for the proposition that conduct that is managerial in nature, whether improperly

16   motivated or not, cannot be the basis of an IIED claim.  <u>See</u> Doc. # 19 at 27 for more extensive

17   discussion.  Basically, if Defendants imposed on Plaintiff more difficult working conditions,

18   additional duties, restricted access to equipment, etc.; Plaintiff's remedy lies in a claim or claims

19   for discrimination, not for IIED.  While the court recognizes that Plaintiff has added specificity

20   to his description of conduct he alleges comprises IIED, when the conduct that is an expression

21   of managerial decision making is subtracted from the IIED allegation, what remains is conduct

22   that lies well within the realm of "mere insult" or "petty oppressions."  <u>See</u> <u>Iverson v. Atlas</u>

23   <u>Pacific Engineering</u>, 143 Cal.App.3d 219, 231 (1st Dist. 1983) (conduct comprising IIED must

24   be "more than mere insult, indignities, threats, annoyances, petty oppressions, or other

25   trivialities").

26       It is true that the susceptibility of the claimant in an IIED action to emotional distress by

27   a specific type of conduct is a substantial factor in determining whether the conduct alleged

28   crosses the line between petty insults and oppressions to conduct that lies beyond the bounds of

human decency.  See Alcorn v. Anbro Engineering Inc., 2 Cal.3d 493, 498-499 (1970) (finding African American worker particularly susceptible where supervisor screamed racial epithets against all Black workers while firing plaintiff without cause); Dove v. PNS Stores, Inc. 982 F.Supp. 1420, 1424 (C.D. Cal. 1997) (noting holding in Alcorn consistent with other authority recognizing role of particular sensitivity as a factor).  In the present case, however, the court cannot find that Defendants' conduct in permitting the continuing use of the phrase "I bet you can't prove that . . . ." and in the one-time showing of a cartoon of a "Black man being cooked in a pot" rises to the level of outrageous conduct beyond the bounds of human decency, even considering the racially offensive nature of the conduct.  Fundamentally the conduct, although obnoxious and racially insensitive, still amounts to no more than the garden-variety of "slurs and petty oppressions" that do not warrant the exemplary damages contemplated by claims of IIED.

The court will grant Defendant's motion to dismiss Plaintiff's ninth claim for relief. Plaintiff was instructed, by way of the court's March 18 Order, that the statement of a claim of IIED requires the allegation of specific instances of outrageous conduct.  Since Plaintiff was fully motivated to allege the fullest extent of conduct that could qualify as being so extreme as to cause emotional distress, the court must assume that further amendment of the claim for IIED would not cure the lack of evidence for such conduct.  Plaintiff's ninth claim for relief will therefore be dismissed with prejudice.


THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that:

1.  Defendants' motion to dismiss all individual Defendants with regard to Plaintiff's first, and second claims for relief is GRANTED.  Plaintiff's first and second claims for relief are hereby DISMISSED with prejudice with regard to individual Defendants Cavanagh, Hickey and Gilles only.

2.  Defendants' motion to dismiss individual Defendants as to discrimination and retaliation claims alleged in Plaintiff's fourth and sixth claims for relief is hereby GRANTED. Plaintiff's fourth and sixth claims for relief are hereby DISMISSED with prejudice with regard to individual Defendants Cavanagh, Hickey and Gilles only.

3.  Defendants' motion to dismiss Plaintiff's fifth claim for relief is hereby GRANTED. Plaintiff's fifth claim for relief for violation of the ADEA is hereby DISMISSED in its entirety as to all Defendants without prejudice.  Any amended claim for violation of the ADEA shall be filed and served not later than twenty-one (21) days from the date of service of this order.

4.  Defendants' motion to dismiss all claims for harassment on grounds other than race is hereby GRANTED.  Plaintiff's third, fourth and sixth claims for relief are hereby DISMISSED only insofar as they allege claims for relief on the grounds of harassment due to age or harassment do to physical or mental impairment.

5.  Defendants' motion to dismiss Plaintiff's seventh and eighth claims for relief is hereby GRANTED.  Plaintiff's seventh and eighth claims for failure to accommodate in violation of FEHA and ADA, respectively, are hereby DISMISSED with prejudice as to all Defendants.

6.  Defendant's motion to dismiss Plaintiff's ninth claim for relief is hereby GRANTED. Plaintiff's ninth claim for relief for intentional infliction of emotional distress is hereby DISMISSED in its entirety as to all Defendants with prejudice.


IT IS SO ORDERED.

Dated:   July 30, 2013

_____

SENIOR  DISTRICT  JUDGE