Rissa A. Stuart #166459
KAHN, SOARES & CONWAY, LLP
Attorneys at Law
219 North Douty Street
Hanford, California 93230
Telephone: (559) 584-3337
Facsimile:  (559) 584-3348

Attorneys for: Plaintiff, JOSEPH KENNEDY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTREN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH KENNEDY,<br><br>       Plaintiff,<br><br>   vs.<br><br>KINGS MOSQUITO ABATEMENT DISTRICT; MICHAEL CAVANAGH, an individual; DAVID HICKEY, an individual; and DOES 1 through 25, inclusive<br><br>       Defendants. | Case No.  1:12-CV-01458-AWI-MJS<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

The parties, by and through their respective counsel of record, stipulate and request that an Order be entered by the Court as follows:

1.      The parties agree to the entry by the Court of an Order requiring the maintenance of the confidentiality of material produced by the parties in strict accordance with the terms of this Stipulation by the parties, as well as third parties who come to have knowledge of the terms of this Stipulation.  This Stipulation and Order shall govern all documents and discovery materials produced within the context of this litigation.

2.      "Document" as used herein shall include the broadest possible meaning and shall include, without limitation:

(a) writings, records, photographs and duplicates as defined in Rule 1001 of the Federal Rules of Evidence.

(b) any and all tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic copy, magnetic or electrical impulse, or other form of communication is recorded or produced;

(c) floppy disks, hard disks, magnetic tape, flash drive, and computer memory;

(d) written discovery responses and the contents thereof, including, without limitation, responses to interrogatories, requests for admission, and document requests;

(e) deposition transcripts and their contents; and

(f) any physical means or medium of recording or storing information.

3. As used herein, the term "counsel of record" shall mean the attorneys of record in this proceeding, their partners and associates, clerks, assistants, and other persons employed by such attorneys, all of whom shall be bound by the provisions of this Stipulation and this Court's Order.

4. As used herein, the term "person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business, trust, governmental body, or any other legal or business entity, unless specified to the contrary by an Order of this Court.

5. As used herein, the term "party" shall mean, in the plural as well as the singular, any named claimant or respondent in this action, and shall include its present directors, officers, employees, or agents.

6. In connection with discovery proceedings in this action, any party to this action (herein "designating party") shall have the right to designate any document, thing, material, testimony, or other information derived therefrom as confidential under this terms of this Stipulation and the Court's Order.

7. Confidential information is information that the designating party reasonably believes (1) to constitute proprietary information, confidential business information, and/or trade secrets relating to its business, and/or information in which the party or third parties have a protectable interest (i.e., non-party District employee personnel documents or related employment information), and (2) to be subject to protection from disclosure under applicable law.

8. All documents designated CONFIDENTIAL pursuant to this Stipulation and Court's Order shall remain confidential until the Court declares that the designated material is not subject to the protection of its Order.

9. As used herein, the term "Confidential Information" shall refer to:

(a) Any documents (including any portions thereof and any information contained therein) designated to be Confidential by any party and which has had stamped or affixed thereon the "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the designating party.

(b) Deposition testimony, including oral testimony, deposition transcripts, exhibits, and the information contained therein may be designated as "Confidential Information" during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter as the designating party may direct. A party who disagrees with the designation, may at any time prior to trial, utilize the remedies set forth below in Paragraph 14, to contest the designation of the deposition testimony, deposition transcript or exhibits, or any portions thereof as "Confidential." All other portions, or the entire transcript if no designation is made, shall not be confidential and shall not be within the terms of this Stipulation or the Court's Order.

(c)     "Confidential Information" does not include any information or documents obtained or produced by a party outside of the context of discovery in this litigation. However, nothing in this Stipulation shall affect the rights of any party to enforce any rights it may have regarding the confidentiality of documents and other information disclosed or transferred to another party or person to the institution of the present litigation.

10.     "Confidential Information" shall be disclosed only to:

(a)     The court and its officers in this litigation pursuant to paragraph 18 hereof;

(b)     Any party, or an officer, director, or employee of a party to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense or settlement of this action.

(c)     Experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties;

(d)     Counsel of record and their respective personnel of the law firms as set forth in paragraph 3;

(e)     Court reporters employed in this action;

(f)     Non-party witnesses in this action to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; and

(g)     Any other person(s) to whom the parties agree pursuant to paragraph 12.

11.     Prior to any disclosure of material designated as "Confidential Information" pursuant to paragraphs 10(c) and (f), the disclosing party shall require the person to whom disclosure is to be made to signify in writing that he or she consents to be bound by the terms of this Stipulation and agrees to be subject to the jurisdiction of this Court for any proceedings involving alleged improper use or disclosure of material covered by this Stipulation. Counsel for the party

4

making the disclosure shall retain a copy of the signed acknowledgment, in the form attached hereto as <u>Exhibit "A</u>," and shall be made available for any other party upon execution by that person.

12.   If counsel for any party should conclude that, for the purpose of this action, such party needs to disclose any Confidential Information or information derived therefrom, to any person not described in paragraphs 10 of this Stipulation, counsel for each such party must (a) request permission from counsel for the designating party in writing and state the purpose of the disclosure, and (b) obtain such permission from counsel for the designating party in writing. However, each party may disclose its own documents and information without regard to this Stipulation or the Court's Order unless otherwise under an existing duty to another person not to do so.   Disclosure by a party of that party's own Confidential Information will not, under any circumstances, constitute a waiver or breach of this Stipulation or the Court's Order.

13.   Confidential Information shall be treated as confidential by all persons to whom such information may be disclosed and shall be used by all such persons solely for the prosecution, defense, or settlement of claims at issue in this action.

14.   If a party objects as to a producing person's determination that the material marked as "Confidential" by the producing person falls within the type of material described by paragraphs 7 and 8 above, the objecting party may bring a motion before the Court to contest the designation of such material as "Confidential."  Such a motion should be filed in accordance with the deadline for Non-Dispositive Motions, as per the Scheduling Order.  The parties agree that before seeking any relief from the Court under this paragraph, they will make a good faith effort to meet and confer and resolve any disputes concerning the confidential treatment of any such material.

15.   Upon final termination of this action, and subject to each respective counsel's file retention policy (in which case counsel remains responsible to retain Confidential Information pursuant to the terms of the Stipulation), each party shall promptly assemble and return all

Confidential Information including all copies thereof, to the designating party or to such other party which produced the Confidential Information in this action or otherwise destroy the Confidential Information. The party to whom such Confidential Information is returned shall acknowledge receipt of such material in writing or the destroying party shall acknowledge destruction in writing.

16. Where any Confidential Information or information derived therefrom is included in any papers filed with the Court, such papers shall be marked "CONFIDENTIAL" or be marked with words of identical meaning, and filed under seal.

17. This Stipulation does not constitute a waiver of any party's rights to object to discovery on any grounds, except the ground that the information sought contains trade secrets, confidential business information, information in which a party has a privacy right, and/or information required to be kept confidential pursuant to agreement. Nor does this Stipulation constitute an admission by any party that any information that it or any opponent designates as Confidential Information is in fact a trade secret, confidential business information, information in which a party has a privacy interest and/or information required to be kept confidential pursuant to agreement.

18. This Stipulation shall not prevent any of the parties from moving the Court for an Order that Confidential Information may be disclosed other than in accordance with this Stipulation.

19. The terms of this Stipulation shall remain in effect after termination of this litigation, and the Court shall retain jurisdiction to enforce this Stipulation beyond the conclusion of this litigation.

20. A person with custody of material designated as "Confidential Information" shall maintain that material in a manner ensuring that access to such material is strictly limited to persons entitled to receive such material in accordance with the provisions of this Stipulation.

21. This Stipulation does not constitute an agreement by either party to disclose or produce any documents or information, nor shall the production of any material designated as "Confidential Information" pursuant to this Stipulation constitute an admission of the relevancy, materiality or admissibility of such material. Moreover, this Stipulation shall not constitute a waiver of any objection, privilege, or protection (including, without limitation, the attorney-client privilege and any trade secret protection), and is without prejudice to each party's right to oppose production of any documents or information, including material designated as "Confidential ," on any ground allowed under the Federal Rules of Civil Procedure or other applicable law.

22. The parties agree to submit this Stipulation to the Court for entry as a Protective Order by the Court. Prior to the execution and entry of the Court's Order, the parties agree to abide by its terms as if fully executed and entered by the Court, and this Stipulation, prior to execution and entry by the Court, shall constitute a fully binding agreement of the parties.

23. This Stipulation may be executed in counterparts or detachable signature pages, which taken together shall constitute a single original.

24. The parties agree that, prior to commencement of trial, they will enter into mutually agreeable stipulations and protective orders with respect to any and all Confidential Information to be disclosed during trial. Any unresolved disputes shall be resolved in accordance with discovery or related procedures set forth in the Code of Civil Procedure.

25. If counsel for the parties contend that there is a need to use or produce documents or information subject to this Stipulation and Protective Order in any law and motion matter, Counsel shall identify the specific material and shall meet and confer with opposing counsel before doing so. If the parties cannot agree to the use of the document or information, the party seeking to use the information shall lodge the documents under seal so as to preserve its confidentiality pending the Court's determination regarding whether a privilege of right of

privacy exists that precludes the use of the document or information as evidence or determining what safeguards should be utilized if the Confidential Information is to be considered as evidence.

26. This Protective Order is subject to revocation or modification upon written stipulation of the Parties, or upon motion and reasonable notice, including an opportunity for a hearing.

27. Nothing in this Protective Order excuses or waives the parties compliance with the Federal Rules or Local Rules regarding sealing or redacting of documents or evidence filed in this action.

DATED: June 5, 2014                KAHN, SOARES & CONWAY, LLP

                                   By:    \s\Rissa A. Stuart                .
                                          Rissa A. Stuart
                                          Attorneys for Plaintiff, Joseph Kennedy

DATED: June 5, 2014                LIEBERT CASSIDY WHITMORE

                                   By:    \s\Michael E. Lehman              .
                                          Michael E. Lehman
                                          Attorneys for Defendants, Kings Mosquito Abatement District; Michael Cavanagh, an individual; and David Hickey, an individual

ORDER

Good cause appearing, the Court hereby grants this Stipulation and Protective Order.

IT IS SO ORDERED.

Dated:    June 6, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A" TO

# STIPULATION FOR PROTECTIVE ORDER

Re:   Case No: 1:12-CV-01458-AWI-MJS

My name is _____.  My address is _____

_____.

I have read and understand the terms of the "Stipulation for Protective Order" entered as an Order in Case No: 1:12-CV-01458-AWI-MJS.

I agree to be bound by the terms of the "Stipulation for Protective Order" entered as an Order in Case No: 1:12-CV-01458-AWI-MJS.

Pursuant to Paragraph 10 of the Stipulation for Protective Order, I am entitled to review "Confidential Information" because of my role as _____.

      Signature_____

F:\WORD\14\14325.00\Pleadings\Stipulation for Protective Order-6-4-14.doc